UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANCORPSOUTH BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11CV9 HEA |
| | ) |
| ENVIRONMENTAL OPERATIONS, | ) |
| INC., et al., | ) |
| | ) |
| Defendants, | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Clayton Engineering Company's Motion to Dismiss Counts I and II of Paric's Cross-Claim, [Doc. No. 103]; Budrovich Excavating, Inc.'s Motion to Dismiss Environmental Operations Inc.'s Third Party Complaint, [Doc. No. 107]; Defendant Budrovich Excavating, Inc.'s Motion to Dismiss Paric Corporation's Third Party Complaint, [Doc. No. 109]; Plaintiff's Motion to Dismiss Counts VI and VII of Paric Corporation's Counterclaim, [Doc. No. 116]; Defendant Geotechnology, Inc.'s Motion to Dismiss Counts I and II of Paric's Cross claim, [Doc. No. 121]; Defendant The Clayton Engineering Company's Motion to Dismiss Counts I and II of Budrovich's Cross claim, [Doc. No. 127]. Plaintiff's Motion to Dismiss Count I of Budrovich's Counterclaim,

[Doc. No. 134]; Geotechnology, Inc.'s Motion to Dismiss Count I of Budrovich's Cross-Claim, [Doc. No. 140]; and Paric's Motion for Summary Judgment as to Defendant/Third Party Plaintiff's Third Party Complaint against Budrovich and Paric Corporation, [Doc. No. 162]. The respective parties oppose the motions. For the reasons set forth below, the motions are denied.

**Facts and Background**

As set forth in the Court's previous Opinion, Memorandum and Orders, Plaintiff, a Mississippi state bank and successor by merger to The Signature Bank, alleges that Environmental Operations Inc., (EOI), Geotechnology, Inc., (Geotech) and The Clayton Engineering Company, Inc., (Clayton) prepared and implemented an environmental remediation plan affecting property known as the Hazelwood Logistics Center, in which Plaintiff claims to hold an interest. Plaintiff claims that Defendants failed to completely remediate the site for the purpose of assisting the developer and lender with future redevelopment. EOI has brought a counterclaim against Plaintiff and cross-claims against Co-Defendants Geotechnology, Inc. and The Clayton Engineering Company, Inc. EOI has also filed a third party complaint against Budrovich Excavating (Budrovich) and Paric Corporation, (Paric). Paric has filed a counterclaim against EOI, and cross claims against Plaintiff, Intervener Hazelwood Logistics Inc., Geotechnology, Clayton and Budrovich. Budrovich

has filed counter claims and cross-claims against Plaintiff, Intervenor Hazelwood Logistics Center (Hazelwood Commerce Redevelopment Corp), EOI, Clayton Geotechnology, and Paric.

Plaintiff alleges that it is the successor in interest to a bank that lent money to Hazelwood Logistics Center, LLC. It further alleges that Defendants were the remediation designers and contractors for the site. According to Plaintiff, Defendants failed to properly design and carry out construction of an engineered cell on the site, which was a layer of clay dirt put in place to contain old landfill materials, and to adequately screen materials or "fines" from the dirt on the site prior to that dirt being spread around the site as fill.

## Discussion

**Motions to Dismiss**

### Standard of Review

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the

[plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in

isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

> In 1980, Congress enacted [CERCLA] in response to the serious environmental and health risks posed by industrial pollution. See *United States v. Bestfoods,* 524 U.S. 51, 55, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998). The Act was designed to promote the "'timely cleanup of hazardous waste sites'" and to ensure that the costs of such cleanup efforts were borne by those responsible for the contamination. *Consolidated Edison Co. of N.Y. v. UGI Util., Inc.,* 423 F.3d 90, 94 (C.A.2 2005); see also *Meghrig v. KFC Western, Inc.,* 516 U.S. 479, 483, 116 S.Ct. 1251, 134 L.Ed.2d 121 (1996); *Dedham Water Co. v. Cumberland Farms Dairy, Inc.,* 805 F.2d 1074, 1081 (C.A.1 1986). These cases raise the questions whether and to what extent a party associated with a contaminated site may be held responsible for the full costs of remediation.

*Burlington Northern and Santa Fe Ry. Co. v. U.S.*, ___ U.S. ___, 129 S.Ct. 1870, 1874 (2009).

Section 9607(a) sets out the classes of persons potentially responsible under CERCLA:

(1) the owner and operator of a vessel or a facility,

(2) any person[1] who at the time of disposal of any hazardous substance

---

[1] For purposes of the statute, a "person" is defined as "an individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, United States Government, State, municipality, commission, political subdivision

- 5 -

owned or operated any facility at which such hazardous substances were disposed of,

(3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and

(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance ...."

42 U.S.C. § 9607(a).

> Two provisions of [CERCLA]—§§ 107(a) and 113(f)—allow private parties to recover expenses associated with cleaning up contaminated sites." *United States v. Atl. Research Corp.,* 551 U.S. 128, 131, 127 S.Ct. 2331, 168 L.Ed.2d 28 (2007). Though complementary, "§§ 107(a) and 113(f) provide two 'clearly distinct' remedies," *id.* at 138, 127 S.Ct. 2331, "to persons in different procedural circumstances," *id.* at 139, 127 S.Ct. 2331 (quotation omitted). Section 107(a)(4)(B) permits a private party who has voluntarily incurred costs cleaning up a site for which it may be held liable to recover necessary response costs from another liable party through a direct recovery action. *See id.* at 133–34, 127 S.Ct. 2331, *aff'g Atl. Research Corp. v. United States,* 459 F.3d 827 (8th Cir.2006).
>
> Section 113(f), enacted after § 107 as part of the Superfund Amendments and Reauthorization Act of 1986 (SARA), Pub.L. No. 99–499, 100 Stat. 1613 (1986), "authorizes one [potentially

---

of a State, or any interstate body." 42 U.S.C. § 9601(21).

responsible party] to sue another for contribution in certain circumstances." *Id.* at 132, 127 S.Ct. 2331. Section 113(f)(1) allows a person to seek contribution from any other person who is liable or potentially liable under § 107(a) during or following a civil action under §§ 106 or 107. Section 113(f)(3)(B) authorizes "[a] person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement" to seek contribution from any person who has not so resolved its liability.

The term "contribution" has its traditional meaning of a "tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault." *Atl. Research,* 551 U.S. at 138, 127 S.Ct. 2331 (quoting *Black's Law Dictionary* 353 (8th ed.2004)). The "right to contribution under § 113(f)(1) is contingent upon an inequitable distribution of common liability among liable parties." *Id.* at 139, 127 S.Ct. 2331.

The right to contribution under § 113(f) is more limited than the right to recover costs under § 107(a). *See Atl. Research,* 459 F.3d at 832. A person seeking contribution under § 113(f) may be subject to the equitable allocation of response costs, *see* § 113(f)(1), and may not recover from previously settling parties, *see* § 113(f)(2). Such claims are also subordinate to the rights of the United States or a State, *see* § 113(f)(3)(C), and subject to a shorter limitation period than cost-recovery claims, *see* § 113(g)(2)-(3).

To ensure the continued vitality of the precise and limited right to contribution Congress set forth in § 113, we have held the right to bring a cost-recovery action under § 107 "is available to parties who have incurred necessary costs of response, but have neither been sued nor settled their liability under §§ 106 or 107." *Atl. Research,* 459 F.3d at 835. "[L]iable parties which have been subject to §§ 106 or 107 enforcement actions are still required to use § 113." *Id.* at 836–37. *See also, Niagara Mohawk Power Corp. v. Chevron U.S.A.,*

*Inc.,* 596 F.3d 112, 128 (2d Cir.2010) (holding that allowing a liable party whose claims fit § 113(f) "to proceed under § 107(a) would in effect nullify the SARA amendment and abrogate the requirements Congress placed on contribution claims under § 113"); *ITT Indus., Inc. v. BorgWarner, Inc.,* 506 F.3d 452, 458 (6th Cir.2007) ("To maintain the vitality of § 113(f), however, [potentially responsible parties] who have been subject to a civil action pursuant to §§ 106 or 107 or who have entered into a judicially or administratively approved settlement must seek contribution under § 113(f).").

In affirming our decision in *Atlantic Research,* the Supreme Court noted the potential for overlap between §§ 107(a) and 113(f), but declined to decide whether a liable party sustaining expenses pursuant to a consent decree following a suit under §§ 106 or 107(a) could recover such compelled costs under § 107(a), § 113(f), or both. *Atl. Research,* 551 U.S. at 139 n. 6, 127 S.Ct. 2331. We necessarily reach that issue in these appeals, and hold that § 113(f) provides the exclusive remedy for a liable party compelled to incur response costs pursuant to an administrative or judicially approved settlement under §§ 106 or 107. *See Atl. Research,* 459 F.3d at 830 n. 4 (explaining our holding in *Dico, Inc. v. Amoco Oil Co.,* 340 F.3d 525, 531 (8th Cir.2003), that a liable party cannot bring an action under § 107 "remains viable for those parties which still have recourse to relief under § 113").

*Morrison Enterprises, LLC v. Dravo Corp.,* 638 F.3d 594, 602 -604 (8th Cir.2011).

This Court has previously held that Plaintiff has stated a claim against Defendants under CERCLA. The Complaint alleges that all Defendants knew, since at least 2001, that there were disposed hazardous materials on the property. Plaintiff further alleges that Defendants engaged in deliberate disturbance, unearthing, spilling, moving and re-releasing all of the enumerated hazardous materials and compounds into the property. Although the Complaint did not

specifically list each Defendant by name in its CERCLA Count, it alleges that all defendants engaged in the activities such that Defendants were put on notice that Plaintiff seeks recovery for their involvement in the disturbance, etc. of hazardous materials on the property.

Keeping in mind the purposes of Rule 12(b)(6), *i.e.*, to test the sufficiency of the Complaint, the Counterclaims and cross claims withstand challenge. The various Defendants and third party defendants each seek contribution from each other for any costs for which they may be found liable. While there has yet to be a determination of who is responsible for any clean up costs under CERCLA, the parties all attempt to recover from each other. While the counter claims and cross claims are not the models of clarity, to be sure, each party is attempting to include the other parties involved herein in contributing to the clean up costs. All parties herein are aware of what each Plaintiff, Defendant, Third Party Plaintiff, cross claimant and counter claimant is contending against the other, to wit, "if this entity is responsible for any clean up costs, then others involved are likewise responsible for contribution to the clean up fund." As such, the claims satisfy the *Twombly* and *Iqbal* standards. Unnecessary repetition of the same allegations on the same set of operative facts is not necessary. The parties are fully apprised of the claims for which they seek recovery. Indeed, most of the parties with counter claims and

cross claims are filing the claims because of the allegations by the Plaintiff that these parties are responsible for the alleged hazardous material spread.

> Liability for the release of hazardous substances may be imposed on ""any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of.'" *Gurley*, 43 F.3d at 1192 (quoting 42 U.S.C. § 9607(a)(2)). When considering an individual's liability as an operator, "'[i]t is the authority to control the handling and disposal of hazardous substances that is critical under the statutory scheme.'" *Id.* (quoting *United States v. Ne. Pharm. & Chem. Co.*, 810 F.2d 726, 743 (8th Cir.1986)).

*K.C.1986 Ltd. Partnership v. Reade Mfg.*, 472 F.3d 1009, 1020 (8th Cir. 2007).

Under the standards articulated herein, the Court concludes that the Counterclaim and Cross-Claims meet the *Twombly* and *Iqbal* standards of alleging facts sufficient to place the parties on notice of the CERCLA claim against them..

**Motion for Summary Judgment**

Third Party Defendant Paric Corporation filed its Motion for Summary Judgment as to Defendant/Third Party Plaintiff Environmental Operations, Inc's Third Party Complaint against it and Budrovich seeking judgment as a matter of law based on certain settlements and releases obtained in a state court.

**Summary Judgment Standard**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and

inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747. Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur* 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods v. DaimlerChrysler Corp.,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on

more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Maces. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The Court will review the facts in this case with the stated standards in mind.

Paric argues that it is entitled to summary judgment because of a settlement agreement it entered into in which Plaintiff and Intervenor Hazelwood Logistics released all claims arising directly or indirectly from any fact, condition, or occurrence related directly or indirectly to the Construction Contracts. EOI was not a party to the mechanics lien case in the state court from which the settlement resulted.

Several cases have approved settlements between private parties when those settlements barred contribution claims of parties who did not join the settlements. See *United States v. Mallinckrodt, Inc*., No. 4:02CV01488, 2006 WL 3331220, at *3 (E.D.Mo. Nov.15, 2006) ("The Court believes that it would be contrary to CERCLA's objective of encouraging settlement not to grant private parties the same protection from suits for contribution that the United States or a State enjoys."); *United States v. SCA Servs. of Ind., Inc*., 827 F.Supp. 526, 532

(N.D.Ind.1993); *Allied Corp. v. ACME Solvent Reclaiming, Inc*., 771 F.Supp. 219, 222 (N.D.Ill.1990) ("It is hard to imagine that any defendant in a CERCLA action would be willing to settle if, after the settlement, it would remain open to contribution claims from other defendants."); *Lyncott Corp. v. Chem. Waste Mgmt*., Inc., 690 F.Supp. 1409, 1418-19 (E.D.Pa.1988). In all of those cases, however, the nonsettlors challenging the application of the contribution bar were parties to the suit in which the settlement was being entered and had an opportunity to be heard before the Court decided whether to approve the settlement. Whether this Court would approve of a settlement between private parties under those circumstances is not an issue presented in this case.

EOI was not a party to the mechanics lien litigation in the state court and had no opportunity to participate in or object to the settlement. Applying the contribution bar would be inconsistent with the plain language of § 113(f)(2) as well as basic principles of fairness. Paric is therefore not entitled to summary judgment at this time.

## **Conclusion**

Based upon the forgoing, the motions to dismiss and the motion for summary judgment will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Clayton Engineering Company's Motion to Dismiss Counts I and II of Paric's Cross-Claim, [Doc. No. 103], is denied;

**IT IS FURTHER ORDERED** that Budrovich Excavating, Inc.'s Motion to Dismiss Environmental Operations Inc.'s Third Party Complaint, [Doc. No. 107], is denied;

**IT IS FURTHER ORDERED** that Defendant Budrovich Excavating, Inc.'s Motion to Dismiss Paric Corporation's Third Party Complaint, [Doc. No. 109], is denied;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Counts VI and VII of Paric Corporation's Counterclaim, [Doc. No. 116], is denied;

**IT IS FURTHER ORDERED** that Defendant Geotechnology, Inc.'s Motion to Dismiss Counts I and II of Paric's Cross claim, [Doc. No. 121], is denied;

**IT IS FURTHER ORDERED** that Defendant The Clayton Engineering Company's Motion to Dismiss Counts I and II of Budrovich's Cross claim, [Doc. No. 127], is denied;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Count I of Budrovich's Counterclaim, [Doc. No. 134], is denied;

**IT IS FURTHER ORDERED** that Geotechnology, Inc.'s Motion to

Dismiss Count I of Budrovich's Cross-Claim, [Doc. No. 140], is denied;

**IT IS FURTHER ORDERED** that Paric's Motion for Summary Judgment as to Defendant/Third Party Plaintiff's Third Party Complaint against Budrovich and Paric Corporation, [Doc. No. 162], is denied.

Dated this 31st day of March, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE